Filed 9/19/23  P. v. Ghafoori  CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MAFOOZ MATTHEW GHAFOORI,<br><br>    Defendant and Appellant. | G062181<br><br>(Super. Ct. No. 19HF0464)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy.  Affirmed.

Thien Houng Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Mafooz Matthew Ghafoori on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised two issues: (1) was there insufficient evidence of elder abuse because there was no evidence Ghafoori actually knew the victim was 65 or older; and (2) was defense counsel ineffective for failing to object to the prosecutor's misstatement of the law concerning the deliberating order of the charged offenses and their respective lesser included offenses.

We gave Ghafoori 30 days to file written argument on his own behalf. Thirty days have passed, and he has not filed any written argument.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we found no arguable issues on appeal. We affirm the judgment.

FACTS

The 72-year-old victim lived in a house in Mission Viejo. Ghafoori rented a room from the victim and lived there for several months without incident. One day near noon, the victim was on her bed when Ghafoori opened her bedroom door and told her to get out of her room. Ghafoori was holding a tennis racket. The victim complied

2

and while outside her bedroom in the hallway, Ghafoori struck the victim on her head and breast area with the tennis racket multiple times. The victim went downstairs to get away from Ghafoori.

She got her two dogs and went out the front door. She recalled maybe having crawled outside on her hands and knees. Once outside, she asked neighbors to call an ambulance.

Orange County Sheriff's Deputy Alison Jablonsky arrived on the scene at approximately 12:15 p.m. and saw the victim sitting on the porch. The victim was bleeding from a laceration on the right side of her head. Jablonsky also observed some redness around the victim's breast area and on her leg. The victim told Jablonsky that Ghafoori came into her bedroom and was yelling at her to leave the house and hit her several times on the head and body with a tennis racket. He also pushed her down the stairs.

The victim was transported to a nearby hospital where she was treated for her injuries, which consisted of staples for the cut on her head. The victim also complained of pain to her upper body and legs. The victim confirmed her head wound was from being hit with the tennis racket. Her body bruises could have been from the tennis racket or from how she went down the stairs.

Orange County Sheriff's Investigator John Blank executed a search warrant that same day. He found a tennis racket in Ghafoori's room.

At trial, Ghafoori testified he had been renting a room in the victim's house. On occasion, he helped her by taking her to the hospital, picking up her medications, and looking after her dogs. On the morning of the incident, he had his morning coffee and took a pill that was next to the coffee pot. He thought the pill may have been Adderall but did not know for certain. He went to his room to meditate. He described his meditation as being dynamic, in the sense that while meditating he would

also be moving, i.e., dancing, playing tennis, or sword fighting. That morning, he had a tennis racket in his hand as he was meditating.

Ghafoori believed the police arrived around 10:00 a.m., while he was still meditating. He did not know who called the police. He testified he thought perhaps his dynamic meditation "disturb[ed] the peace," as he may have been "more dynamic" that morning because of the pill he took. Ghafoori did not recall hitting the victim with his tennis racket or know why he would have hit her. He denied he pushed the victim down the stairs. He admitted that if the victim said he had hit her with a racket, he must have. He denied he caused the injuries depicted in the photos. He testified any injuries he may have inflicted were only "skin deep."

A jury found Ghafoori guilty of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 1) and elder abuse (Pen. Code, § 368, subd. (b)(1); count 2). As to both counts, the jury found it true that Ghafoori personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)). Finding there were unusual circumstances warranting the grant of probation, the trial court suspended imposition of sentence and placed Ghafoori on formal probation for two years with various terms and conditions, including that he serve 180 days in jail, with credit for time served of 132 days (66 actual plus 66 conduct). Ghafoori filed a timely notice of appeal.

## DISCUSSION

Elder abuse requires that the defendant know, or reasonably should know, a person is an elder; that is a person 65 years or older. (Pen. Code, § 368, subds. (b)(1), (g).) The victim testified she was 72 years old. Nothing in the record suggests she appeared to be younger than 65 years of age. The evidence at trial demonstrates this was not a single encounter between Ghafoori and the victim. Ghafoori testified he lived with the victim for a little over a year before the incident. He further testified he was closely involved with the victim and that he took her to the hospital and picked up her

4

medications.  A defendant's actual knowledge may be shown, not only by direct evidence, but also by circumstantial evidence.  (*People v. Hill* (1998) 17 Cal.4th 800, 851-852, overruled on another ground in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.)  The evidence presented at trial was sufficient to support the finding Ghafoori knew, or reasonably should have known, the victim was an elder.

Counsel suggests trial counsel may have been ineffective for failing to object to the prosecutor's misstatement of the law during closing argument as it related to the deliberating order of the charged offenses and their respective lesser included offenses.  "In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance.  [Citation.]  To demonstrate deficient performance, defendant bears the burden of showing that counsel's performance ""'fell below an objective standard of reasonableness . . . under prevailing professional norms.'""  [Citation.]  To demonstrate prejudice, defendant bears the burden of showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  [Citations.]"  (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)

Here, there is no reasonable probability the result would have been different had counsel objected to the prosecutor's statement.  The trial court instructed the jury with CALCRIM No. 222, which told the jury closing arguments are not evidence.  The court also instructed the jury on the order in which it should approach the charges in reaching their verdicts (CALCRIM No. 3517).  We presume the jurors treat the court's instructions as a statement of law by a judge, and prosecutor's comments as words spoken by an advocate in an attempt to persuade.  (*People v. Morales* (2001) 25 Cal.4th 34, 47.)  We presume the jury followed the court's instructions.  (*People v. Centeno* (2014) 60 Cal.4th 659, 676.)  To the extent the prosecutor's suggestion as to how the

5

jurors should proceed in considering the charges was inaccurate, the court's instructions cured any problem.

We have reviewed the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, and found no arguable issues on appeal.

DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.